STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-845

BARBARA ESCUDE LEMOINE

VERSUS

JON OLIVER DOWNS

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-4158-A
HONORABLE MARK A JEANSONNE, JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

Rodney M. Rabalais
P.O. Box 447
Marksville, LA 71352
COUNSEL FOR DEFENDANT-APPELLANT:
    Jon Oliver Downs

Jerold Edward Knoll
Laura B Knoll
P.O. Box 426
Marksville, LA 71352
COUNSEL FOR PLAINTIFF-APPELLEE:
    Barbara Escude Lemoine

**PAINTER, Judge**

Defendant, Jon Oliver Downs, appeals the judgment of the trial court awarding Plaintiff, Barbara Escude Lemoine, reimbursement of expenditures made on and rent received for property owned by Downs.

## DISCUSSION

Barbara married John Lemoine in 1974. On April 1, 1995, John donated thirty acres including the family home and improvements to Barbara's grandson, Downs, who was approximately twelve years old at the time. In 1997, John executed a withdrawal of donation relying on Down's lack of capacity to contract. On July 12, 1999, John and Barbara entered an Act of Donation and Declaration of Community Assets which purported to convert his separate property so that Barbara would become owner of an undivided one-half interest in John's separate property. John died on April 24, 2009, leaving his entire estate to Barbara. A judgment of possession was signed on May 18, 2009, putting Barbara in possession as the sole legatee.

When Barbara attempted to sell the thirty acres, she was informed by representatives of the buyer that she could not sell without Downs' signature. Downs refused to file a quitclaim deed, and in September 2009, Barbara filed a petition for declaratory judgment seeking to be declared owner of the property and for damages. Downs reconvened asserting his title to the property on October 14, 2009. The trial court declared Barbara to be the owner of the property. Downs appealed to this court. This court reversed the judgment of the trial court, found the act of donation to be valid, and declared Downs to be the owner of the donated property. *Lemoine v. Downs*, 10-1073 (La.App. 3 Cir. 3/9/11), 58 So.3d 659, *writ denied*, 11-0923 (La. 6/24/11), 64 So.3d 219.

1

In July 2010, Barbara amended her suit to claim reimbursement for improvements she made to the property, for expenditures made in connection with the property, and for rents collected from the donated property. Downs opposed the claim, reconvened for the return of any rent collected by Barbara, and filed an exception of prescription as to part of Barbara's claim.

The trial court found in favor of Barbara, awarding her $25,062.60 in reimbursement of expenses between 1983 and 1989, $5,069.28 for expenses between 2009 and 2010, and $5,518.15 for rent collected during 2009 and 2010, which was then in the possession of Barbara. Downs appeals. For the following reasons, we reverse in part and affirm in part.

## DISCUSSION

Unjust Enrichment

Barbara seeks to recover the amounts she expended on the property under a theory of unjust enrichment.

Louisiana Civil Code Article 2298 provides that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

2

*1983 through 1989*

Downs first asserts that the trial court erred in allowing a recovery under a theory of unjust enrichment and for improvements made between 1983 and 1989 to what was then John's separate property. We agree.

The Lemoines married in 1974, and the donation of John's separate property to Downs was executed in 1995. The improvement expenses claimed were incurred as much as ten years before the donation. Barbara's right of action for reimbursement of the expenses incurred improving her husband's separate property was against her husband's separate estate. Between 1984 and 1990, La.Civ.Code art. 2367.1 stated that:

> Buildings, other constructions permanently attached to the ground, and plantings made on the land of a spouse with the separate assets of the other spouse belong to the owner of the ground. Upon alienation of the land, legal separation, or termination of the marriage, the spouse whose assets were used is entitled to reimbursement of the amount or value that the assets had at the time they were used.

The article has twice been changed since that time and now reads:

> If separate property of a spouse has been used during the existence of the community property regime for the acquisition, use, improvement, or benefit of the other spouse's separate property, the spouse whose property was used is entitled to reimbursement for the amount or value that the property had at the time it was used.

> Buildings, other constructions permanently attached to the ground, and plantings made on the land of a spouse with the separate property of the other spouse belong to the owner of the ground. The spouse whose property was used is entitled to reimbursement for the amount or value that the property had at the time it was used.

The comments to the article make clear that this remedy is one intended for the reimbursement to be made from the patrimony of the spouse whose separate property was improved. Therefore, Barbara's claim for these expenses was against the separate estate of John, although, at the time of his death, the donated property no longer made up part of that estate. When John died, Barbara accepted his

succession, and the estate devolved upon her. At that point, the debt against his separate estate was extinguished by confusion. "When the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion." La. Civ.Code art. 1903.

Because the law provided another remedy, Barbara is not entitled to recover from Downs under a theory of unjust enrichment, in spite of the fact that her original remedy was extinguished by confusion.

*April 9, 2009 through October 14, 2009*

On April 29, 2009, shortly after John's death but before she attempted to sell the property, Barbara contracted with Dufour Tree Service to trim or cut a tree on the donated property. She was billed and paid $1,350.00 for the work done. No one disputes the necessity of the work. The trial court awarded reimbursement of that amount. Downs now asserts that Barbara is not entitled to reimbursement for the expense because she was not in good faith at the time the expense was incurred. Downs cites this court's opinion in the earlier appeal of this matter in support of his argument. However, La.Civ.Code art. 529 indicates that even a bad faith possessor may make a claim for expenses:

> The possessor, whether in good or in bad faith, may retain possession of the thing until he is reimbursed for expenses and improvements which he is entitled to claim.

While she has not retained the property, she is entitled to the expenses incurred for the benefit of the property. Accordingly, we find no error in the trial court's award of reimbursement of this amount.

*After October 14, 2009*

On October 14, 2009, Downs reconvened in Barbara's suit to be declared owner of the property. At that point, Barbara was in bad faith with regard to the fruits of the property. La.Civ.Code art. 487 provides that:

4

For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.

Between December 2009 and November 2010, Barbara incurred $3,719.78 in expenses connected with the donated property. Further, she rented the property from April 19, 2009, to August 10, 2010, at a rate of $500.00 per month. The amount received in rental was testified to by Barbara as being the amount contained in a bank account she opened for that purpose: $5,518.15. However, she also testified that the rent was $500.00 per month and that the house was rented for 16 months. Therefore, the amount of rent received would have been $8,000.00. At the hearing on this matter, evidence was offered that a fair amount for the effort involved in renting the property would have been fifteen percent of the rental amount.

The trial court awarded Barbara payment of both the expenses she incurred in the amount of $3,719.78 and the rents she claimed in the amount of $5,518.15. Downs asserts that Barbara is entitled to nothing but fifteen percent of the $8,000.00 which he claims represents the amount of rent collected at $500.00 per month for 16 months.

Louisiana Civil Code article 486 provides, in pertinent part, that:

A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

Accordingly, while Downs is entitled to restoration of the fruits, in this case rent, Barbara is entitled to reimbursement of expenses in the amount of $3,719.78 plus 15percent of the rental amount for her efforts in renting the property.

## CONCLUSION

For these reasons, the judgment of the trial court awarding reimbursement of expenses incurred before the donation of the property in 1995 is reversed. The award of $5,069.78 for expenses between 2009 and 2010 is affirmed. The award of rent to Barbara is reversed, and judgment is rendered awarding rent in the amount of $8000.00 to Downs, minus a credit of fifteen percent representing the amount due to Barbara for her efforts in renting the property. Costs of this appeal are assessed fifty percent to Appellee, Barbara Escude Lemoine, and fifty percent to Appellant, Jon Oliver Downs.

REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.